United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL L. DEMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLIED ADMINISTRATORS, INC.;<br>NORTHERN CALIFORNIA TILE INDUSTRY<br>TRUST FUNDS; SHARON TURNER; LINDA<br>MARTINEZ; DOE 1; DOE 2; DOE 3; DOE<br>4; DOES 5 through, 100 inclusive,<br><br>　　　　Defendants. | Case No. 10-4109 SC<br><br>ORDER TO SHOW CAUSE WHY<br>CASE SHOULD NOT BE<br><u>DISMISSED</u> |

　　　Plaintiff Russell L. Deman ("Plaintiff") filed this action in Superior Court of the State of California for the City and County of San Francisco, alleging breach of contract and breach of the implied covenant of good faith and fair dealing.  See ECF No. 1 ("Notice of Removal") Ex. A ("Compl.").  Named as Defendants in the Complaint were Allied Administrators, Inc. ("Allied"), Northern California Tile Industry Trust Funds ("NCTITF"), Sharon Turner ("Turner"), and Linda Martinez ("Martinez").  Id.  On September 13, 2010, Turner and Martinez removed this action on the basis of federal question subject matter jurisdiction, claiming that Plaintiff's causes of action arise under the Employment Retirement Income Security Act of 1974 ("ERISA").  See Notice of Removal.  Plaintiff has not filed a motion to remand the case.

On September 17, 2010, Turner and Martinez filed a motion to dismiss Plaintiff's Complaint. ECF No. 5 ("Mot."). Plaintiff has yet to file an opposition or statement of non-opposition to the motion; per Civil Local Rule 7-3, his response was due October 15, 2010.[1]

IT IS HEREBY ORDERED that Plaintiff Russell L. Deman, and all Defendants, are to appear in Courtroom No. 1, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, on December 3, 2010 at 10:00 a.m., to show cause why this action should not be dismissed for failure to prosecute. Sharon Turner and Linda Martinez shall serve this Order on Plaintiff and all other Defendants and file with the Court a Proof of Service within five (5) days of this Order. FAILURE TO COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS FOR DISMISSAL AND/OR SANCTIONS.

IT IS SO ORDERED.

Dated: November 15, 2010

UNITED STATES DISTRICT JUDGE

---

[1] On November 2, 2010, the Court ordered Turner and Martinez to file a declaration explaining why Allied and NCTITF had not joined in the removal of this action. ECF No. 8. In response, Reuben B. Jacobson ("Jacobson"), counsel for Turner and Martinez, filed a declaration stating that to his knowledge, neither Allied nor NCTITF were served with the Complaint. ECF No. 9. In response, David L. Mitchell ("Mitchell"), counsel for Plaintiff, filed a declaration to which he attached proof of service on both Allied and NCTITF. ECF No. 11. In a responsive supplemental declaration, Jacobson writes: "At this time counsel for [Allied and NCTITF] are in the process of attempting to determine if the [they] were in fact properly served." ECF No. 12 ¶¶ 3-4. While the issue of whether the joinder in this case is still unresolved, Plaintiff has not filed a motion to remand this action to state court, and the issue is immaterial to the present motion before the Court.