IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL L. DEMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>ALLIED ADMINISTRATORS, INC.;<br>NORTHERN CALIFORNIA TILE INDUSTRY<br>TRUST FUNDS; SHARON TURNER; LINDA<br>MARTINEZ; and DOES 1 through 100,<br>inclusive,<br><br>    Defendants. | Case No. 10-4109 SC<br><br>ORDER GRANTING<br><u>MOTION TO DISMISS</u> |

## I. **INTRODUCTION**

Before the Court is a Motion to Dismiss brought by Defendants Sharon Turner ("Turner") and Linda Martinez ("Martinez"). ECF No. 5 ("Mot."). Turner and Martinez claim the Complaint, filed by Plaintiff Russell L. Deman ("Deman"), fails to state a claim for which relief may be granted. <u>Id.</u> at 1. Deman did not file an opposition to the Motion. For the following reasons, the Court GRANTS the Motion to Dismiss WITH LEAVE TO AMEND.

///
///
///
///
///

## II. BACKGROUND

Deman initially filed this action in the Superior Court of the State of California for the City and County of San Francisco, alleging breach of contract and breach of the implied covenant of good faith and fair dealing in the administration of Deman's employee benefit plan, B.A.C. Local 19 Defined Benefit Plan ("the Plan"). See ECF No. 1 Ex. A ("Compl."). Named as Defendants in the Complaint are Allied Administrators, Inc. ("Allied"), Northern California Tile Industry Trust Funds ("NCTITF"), Turner, and Martinez (collectively, "Defendants"). Id. The Complaint identifies Allied and NCTITF as both "qualified employees' pension plan administrators" and "the plan administrators and fiduciary for B.A.C. Local 19 Trust Funds and the B.A.C. Local 19 Defined Benefit Plan." Id. ¶ 6. The Complaint identifies Turner and Martinez as "the agents and/or employees of Defendant Allied." Id. ¶ 7.

On September 13, 2010, Turner and Martinez removed this action on the basis of federal question subject matter jurisdiction, claiming that Deman's causes of action arise under the Employment Retirement Income Security Act of 1974 ("ERISA"). ECF No. 1 ("Notice of Removal"). Allied and NCTITF did not join in the removal. Id. Four days later, Turner and Martinez filed their Motion to Dismiss. See Mot. Turner and Martinez argue that Deman's state-law causes of action against all Defendants are preempted by ERISA, and that because Turner and Martinez are not alleged to be part of the Plan or fiduciaries of the Plan, they cannot be parties to an ERISA action. Id. Deman has not filed an opposition or statement of non-opposition to the motion; per Civil Local Rule 7-3, his response was due October 15, 2010.

**III. LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to . . . nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

**IV. DISCUSSION**

   **A. Preliminary Matters**

Before the Court discusses the Motion, it addresses two other disputed issues that, although not properly before the Court, the parties suggest should bear on the Court's decision on the Motion.

First, the parties dispute whether this action was properly removed to federal court.  The Notice of Removal was filed by Turner and Martinez, and was not joined by Allied or NCTITF.  See Notice of Removal.  On November 2, 2010, the Court sua sponte ordered Turner and Martinez to file a declaration explaining why Allied and NCTITF had not joined in the removal of this action.  ECF No. 8.  In response, Reuben B. Jacobson ("Jacobson"), counsel for Turner and Martinez, filed a declaration stating that, to his knowledge, neither Allied nor NCTITF were served with the Complaint.  See Jacobson Decl. ¶ 3.[1]  David L. Mitchell ("Mitchell"), counsel for Deman, then filed a declaration, attaching proof of service on both Allied and NCTITF.  Mitchell Decl. Exs. A, B.[2]  In a responsive supplemental declaration, Jacobson wrote that Allied and NCTITF were presently determining whether the service of process was valid.  Supp. Jacobson Decl. ¶¶ 3-4.[3]  On November 11, 2010, Allied and NCTITF specially appeared, represented by the same counsel as Turner and Martinez, filing a memorandum "to advise the Court that neither has been served with the summons and complaint in this action."  ECF No. 13 ("Allied & NCTITF Supp. Mem.").  Allied and NCTITF claim in this memorandum that the individual served on their behalf, David S. Walker ("Walker"), is not the agent of service of process for Allied and NCTITF, and that substituted service on Walker is procedurally invalid because the proof of service lacks a declaration showing that the summons and complaint could not be personally served on

---

[1] ECF No. 9.

[2] ECF No. 11.

[3] ECF No. 12.

4

the agent of service without reasonable diligence. Id.

The Court finds that this debate is moot, because Deman has not filed a motion to remand this action to state court. Section 1447(c) of Title 28 of the U.S. Code provides: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Because a federal question provided the basis of this Court's jurisdiction, the joinder of Allied and NCTITF is a purely procedural issue that does not affect this Court's subject matter jurisdiction. More than thirty days have passed since the Notice of Removal was filed, and so under § 1447(c), Deman has waived any non-jurisdictional challenge to the removal of this action by failing to seek remand.

A second and related issue is whether NCTITF and Allied were properly served with the complaint and summons. NCTITF and Allied claim that service of the complaint on them was procedurally improper. See Sept. 13, 2010 Supp. Mem. at 1. However, NCTITF and Allied have not filed a motion to be dismissed as Defendants under Rule 12(b)(5). Under Rule 12(h)(1)(b), a party waives a Rule 12(b)(5) defense if it fails to make it by motion. Fed. R. Civ. P. 12(h)(1)(b); see Cowen v. Aurora Loan Servs., No. 10-452, 2010 WL 3342196, *7 (D. Ariz. Aug. 25, 2010) (finding defendant waived Rule 12(b)(5) challenge to service of the complaint by failing to file a Rule 12 motion when twenty-seven days had passed since removal of the action to federal court). Therefore, the Court finds that Defendants Allied and NCTITF have WAIVED any Rule 12(b)(5) challenge to the service of Deman's complaint and summons. Counsel for NCTITF and Allied must immediately register as ECF users. See

Clerk's Notice to Defs.' Att'ys, ECF No. 6.

### B. Motion to Dismiss

Turner and Martinez argue that Deman's state-law causes of action against all Defendants are preempted by ERISA, and that because Turner and Martinez are not alleged to be part of the Plan or fiduciaries, they cannot be parties to an ERISA action. Id.

The Court agrees with Turner and Martinez. ERISA's preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). State common law contract and tort claims that relate to an employee benefit plan are therefore preempted. Spain v. Aetna Life Ins. Co., 11 F.3d 129, 131-32 (9th Cir. 1993). Deman brings two causes of action in his Complaint: breach of contract, and breach of the implied covenant of good faith and fair dealing. See Compl. In stating these two causes of action, Deman pleads the following facts: Defendants gave him "false and misleading information" relating to his retirement and pension rights and benefits, id. ¶ 9; Defendants failed to provide benefits under the Plan for which he was eligible, id. ¶ 11; and Defendants breached their fiduciary duties to him as Plan administrators by failing to respond to his requests for information and by "arbitrarily denying without consideration" his requests for benefits, id. ¶ 14.

The Court finds Deman's two causes of action -- as well as the facts pleaded in stating them -- relate to the Plan. Therefore, Deman's breach of contract and breach of the implied covenant of good faith and fair dealing claims are DISMISSED as preempted by ERISA. Because this preemption applies to the claims against all

United States District Court / For the Northern District of California

Defendants, including Allied and NCTITF, these causes of action are dismissed against ALL DEFENDANTS.

Turner and Martinez also argue that any ERISA claim brought against them should fail because they are not alleged to be part of the Plan or Plan fiduciaries, but rather "agents and/or employees of Defendant Allied." Compl. ¶ 7. Turner and Martinez cite an out-of-circuit case, Taylor v. Peoples Natural Gas Co., 49 F.3d 982 (3d Cir. 1995), for the proposition that "individual employees, whose activities are limited within a framework of policies, interpretations, rules, practices, and procedures made by other persons, fiduciaries with respect to the plan, cannot be individually liable as fiduciaries under ERISA." Mot. at 6 (internal quotation marks omitted).

The Court need not rule on whether Taylor applies here, because the Complaint is so vague as to Turner and Martinez's involvement in the action that it fails to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Deman merely identifies the two as "agents and/or employees of defendant Allied," without providing their job titles or expanding on what role the two played in the alleged denial of Deman's benefits. Because the Complaint includes insufficient allegations of material fact for the Court to state a plausible claim against Turner and Martinez, the Court GRANTS the Motion to Dismiss Turner and Martinez as Defendants WITH LEAVE TO AMEND.

///
///
///
///

7

**V.  CONCLUSION**

For the foregoing reasons, the Court GRANTS Sharon Turner and Linda Martinez's Motion to Dismiss, and dismisses all claims against Turner, Martinez, Allied Administrators, Inc., and Northern California Tile Industry Trust Funds WITHOUT PREJUDICE.  The Court GRANTS Plaintiff Russell L. Deman thirty (30) days' leave to file an amended complaint.  Should Deman fail to file an amended complaint within this timeframe, the Court will dismiss his action WITH PREJUDICE, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   December 17, 2010    

UNITED STATES DISTRICT JUDGE