1

2

3

4               IN THE UNITED STATES DISTRICT COURT

5             FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   RUSSELL L. DEMAN,                    )  Case No. 10-4109 SC
                                         )
8            Plaintiff,                  )  ORDER RE: DEFENDANTS'
                                         )  MOTION FOR JUDGMENT ON THE
9       v.                               )  PLEADINGS OR SUMMARY
                                         )  JUDGMENT, DEFENDANTS'
10  ALLIED ADMINISTRATORS, INC.,         )  MOTION TO STRIKE, AND
    NORTHERN CALIFORNIA TILE INDUSTRY    )  DEFENDANTS' EX PARTE
11  TRUST FUNDS, SHARON TURNER, and      )  APPLICATION TO VACATE JURY
    LINDA MARTINEZ,                      )  TRIAL AND SET CASE FOR
12                                       )  <u>BENCH TRIAL</u>
             Defendants.                 )
13  _____  )

14

15  I.   **INTRODUCTION**

16       This case concerns claims arising under the Employee

17  Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 <u>et seq.</u>

18  ("ERISA"), brought by Plaintiff Russell L. Deman ("Plaintiff" or

19  "Deman") against Defendants Allied Administrators, Inc., Northern

20  California Tile Industry Trust Funds, Sharon Turner, and Linda

21  Martinez (collectively, "Defendants").  The FAC asserts three

22  claims: (1) denial of benefits under 29 U.S.C. § 1132(a)(1)(B);[1]

23  (2) breach of fiduciary duty under § 1132(a)(2); and (3) delay in

24  providing required information under § 1132(c)(1)(B).

25       Defendants move for judgment on the pleadings with respect to

26  the second and third claims and summary judgment with respect to

27  _____

28  [1] All further statutory citations refer to Title 29 of the United
    States Code.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

the first claim.  ECF No. 27 ("Mot.").  Defendants also move for an award of attorney fees and costs.  Id.  Separate from the present motion, Defendants have filed (1) an ex parte application to vacate the jury trial scheduled for this case and set it for bench trial, ECF No. 37, and (2) a motion to strike portions of Plaintiff's declaration supporting his opposition brief, ECF No. 32.

Pursuant to Civil Local Rule 7-1(b), the Court finds this case suitable for decision without oral argument.  For the reasons set forth below, the Court GRANTS Defendants' motion for judgment on the pleadings, GRANTS Defendants' motion for summary judgment, and DENIES AS MOOT Defendants' ex parte application and motion to strike.  Consistent with Ninth Circuit precedent, Plaintiff's first claim is DISMISSED WITHOUT PREJUDICE and not on the merits, and his second and third claims are DISMISSED WITH PREJUDICE.

## II.  BACKGROUND

### A.  The Parties

Plaintiff Russell Deman began working for a tile company in 1956.[2]  ECF No. 18 ("FAC") § 5.  No later than the end of 1961 he

---

[2]  For purposes of a motion for judgment on the pleadings, all of the nonmovant's factual allegations must be taken as true.  Nevertheless, Plaintiff's FAC is no model of clarity.  Solely to provide background, the Court supplements the FAC's allegations with the account contained in Defendant's Motion, which in turn is derived from the administrative record.  The administrative record consists of exhibits attached to the declaration of Polly Baney.  ECF No. 28 ("Baney Decl.") and Exs. 1-6 ("AR").
For purposes of a summary judgment motion, the Court not only may consider evidence outside of the pleadings, but must consider the administrative record.  See, e.g., Graeber v. Hewlett Packard Co. Employee Benefits, 421 F. Supp. 2d 1246, 1252 (N.D. Cal. 2006).  The Court is cognizant of Plaintiff's numerous objections to Baney's declaration and its exhibits.  ECF No. 29; Opp'n at 2-13.  They are not well-founded.  To the extent that Plaintiff objects to Baney's declaration for lack of personal knowledge, the objection

United States District Court
For the Northern District of California

1   had joined a union and begun to participate in its pension plan.

2   Mot. at 2.  That pension plan has become, through a series of

3   mergers, Defendant Northern California Tile Industry Pension Plan

4   ("Plan"), a defined benefit plan governed by ERISA.  Id.

5       The Plan is administered by a Board of Trustees, currently the

6   board of Defendant Northern California Tile Industry Trust Funds

7   ("Board").  Id.  The Board employs Defendant Allied Administrators

8   to manage the Plan.  Id.  Defendants Sharon Turner ("Turner") and

9   Linda Martinez ("Martinez") are employees of Allied Administrators.

10  Baney Decl. § 51.  Turner signed a November 17, 2009, letter

11  stating that Plaintiff was ineligible for benefits.  AR at 81.  In

12  that letter, she indicated that Plaintiff's counsel could call her

13  or Martinez with any questions.  Id.

14      **B.   The Dispute**

15      In September 1992, Deman wrote a letter to his pension plan, a

16  forerunner of the current Plan, seeking information about his

17  retirement and pension benefits.  Neither party has come forward

18  with a copy of Deman's letter, but it is clear that the plan sent

19  him a letter in response ("the 1992 Letter"), informing him that he

20  was not eligible for benefits at that time.  AR at 85; see also FAC

21  ¶ 6.  The 1992 letter explained that Deman's pension benefit would

22

23  is OVERRULED.  The declaration itself establishes Baney's personal
    knowledge that the documents constitute the administrative record
    of Deman's case.  Federal Rule of Evidence ("FRE") 603.  To the

24  extent that Plaintiff objects to the exhibits attached to Baney's
    declaration as hearsay, the objection is OVERRULED.  The exhibits

25  are business records and Baney is their custodian.  FRE 804(6).  To
    the extent that Plaintiff objects to Baney's declaration on the

26  ground that she offers expert testimony without having been
    qualified as an expert, the objection is OVERRULED.  Baney's

27  declaration is not expert in nature.  To the extent that Plaintiff
    objects to lay opinions and legal conclusions contained in Baney's

28  declaration, the objection is SUSTAINED.  The Court has not
    considered Baney's lay opinions or legal conclusions.

**United States District Court**
For the Northern District of California

1  vest after he accumulated 15 credits.  Participants earned credits

2  by working for a qualifying union employer a certain number of

3  hours per year; the employer then reported the hours to the plan.

4  The 1992 letter explained that due to breaks in service -- that is,

5  periods of consecutive years in which no employer reported hours to

6  the plan for Deman -- all of Deman's credits had been lost.  It

7  also stated that Deman could still qualify for a pension if he

8  "return[ed] to covered employment."  AR at 86.  The letter

9  purported to enclose documents describing "the procedures you

10  should follow if you wish to appeal this decision."  Id.

11      Plaintiff appears to have taken no further action until August

12  31, 2009, when his attorney faxed a letter to Martinez stating that

13  he represented Deman and requesting a copy of Deman's work record

14  and information about his pension eligibility.  Id. at 84.  On

15  November 17, 2009, Turner responded, asserting that the 1999 letter

16  was correct and that if Deman "does not agree with the record

17  provided and has supporting written documentation, please provide

18  [it]."  Id. at 81.  The administrative record does not disclose

19  that Deman did so before filing this lawsuit in August 2010, nor

20  does he allege that he did.

21      C.  **The Claims**

22      In a previous order dismissing Deman's initial Complaint, the

23  Court set forth the procedural history of this case's initial

24  filing in state court and subsequent removal to federal court.  See

25  ECF No. 16 ("Order").  Plaintiff filed the First Amended Complaint

26  ///

27  ///

28  ///

4

on January 13, 2011.  ECF No. 18.  Defendants filed an Answer on January 24, 2011.  ECF No. 20 ("Answer").[3]

Because Defendants move for judgment on the pleadings, and Plaintiff's FAC is less than clear, the Court reviews the FAC's claims here.  In doing so, the Court is mindful that "[s]pecific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." Young v. City of Visalia, 687 F. Supp. 2d 1141, 1145 (E.D. Cal. 2009) (quoting Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001)); see also Ronald J. Cook, 2 ERISA Practice and Procedure § 8:8 ("[C]ourts generally examine actions for benefits with some liberality and do not hesitate to look behind the allegations of the pleadings to see if an action . . . can be stated.").

The FAC asserts, first, that the present action arises under ERISA -- specifically, under §§ 1132(a)(1)(B) and 1132(c).  FAC ¶ 1.  Section 1132(a)(1)(B) provides:

> A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

Section 1132(c) primarily describes the powers of the Secretary of Labor (as opposed to private individuals) to issue fines for a plan's failure to supply requested information. However, one subsection, § 1132(c)(1)(B), provides plan participants with a right to recover statutory damages for a plan administrator's failure to supply requested information "within 30

---

[3] In an apparent clerical error, Defendants filed two documents designated as Answers to the First Amended Complaint.  The Court considered only the second-filed document, ECF No. 20.

United States District Court
For the Northern District of California

days after such request . . . ."  § 1132(c)(1)(B).[4]  Although Deman
does not specify that his claim for relief arises from §
1132(c)(1)(B), he alleges in his FAC that he requested information
from Defendants on August 31, 2009, and that Defendants failed to
respond until December 2, 2009.  FAC ¶¶ 7, 8, 18, 19.  On the basis
of those facts, the Court construes the pleading as asserting a
claim under § 1132(c)(1)(B).

Defendants assume that, in addition to the two claims Deman
expressly asserts, Deman also has asserted a claim for breach of
fiduciary duty arising under either § 1132(a)(2) or § 1132(a)(3).
See Mot. at 10-12; see also FAC §§ 13, 14.  Any such claim would
have to be implied from the pleading since the FAC does not mention
§§ 1132(a)(2) or 1132(a)(3).

The Court construes the FAC as intending to allege a claim
under § 1132(a)(2) but not under § 1132(a)(3).  Section 1132(a)(2)
provides that a plan participant may sue for appropriate relief
under § 1109.  Section 1109, in turn, provides in relevant part:

> Any person who is a fiduciary with respect to a plan who
> breaches any of the responsibilities, obligations, or
> duties imposed upon fiduciaries by this subchapter shall
> be personally liable to make good to such plan any losses
> to the plan resulting from each such breach, and to
> restore to such plan any profits of such fiduciary which
> have been made through use of assets of the plan by the
> fiduciary, and shall be subject to such other equitable
> or remedial relief as the court may deem appropriate,
> including removal of such fiduciary.

---

[4] The subsection sets forth various additional terms, only one of
which is relevant here: it makes the award of damages or other
relief under this subsection a matter of discretion for the
district court.  See § 1132(c)(1)(B).  As discussed in Section
IV.C, infra, district courts generally require a § 1132(c)(1)(B)
claimant to show prejudice.  See Kaiser Permanente Employees
Pension Plan v. Bertozzi, 849 F. Supp. 692, 702 (N.D. Cal. 1994).

United States District Court
For the Northern District of California

1    The Court notes that Plaintiff prays for general and special
2    damages, which is not inconsistent with the remedial scheme
3    contemplated by § 1109 and hence with a § 1132(a)(2) claim.  <u>Cf.</u>
4    <u>Wise v. Verizon Commc'ns, Inc.</u>, 600 F.3d 1180, 1190 (9th Cir. 2010)
5    (interpreting putatively equitable claim for recovery of past and
6    future benefits as one for money damages).  Accordingly, the Court
7    construes the FAC as alleging a claim under § 1132(a)(2).

8         Section 1132(a)(3), on the other hand, is a "catchall or
9    safety net" provision providing equitable relief, and only
10   equitable relief, for breaches of fiduciary duty not otherwise
11   remedied by ERISA.  <u>Id.</u> at 1190.  Plaintiff does not pray for
12   equitable relief; he seeks only money damages.  FAC at 6-7 (prayer
13   for relief).  "Money damages are the classic form of <u>legal</u> relief,
14   and are not an available remedy under ERISA's equitable safety
15   net."  <u>Wise</u>, 600 F.3d at 1190 (internal quotation marks omitted).
16   Because Deman's FAC does not expressly assert a claim under §
17   1132(a)(3) or seek the relief contemplated there, the Court does
18   not construe the FAC to assert a § 1132(a)(3) claim.

19        To summarize, the Court finds that the FAC asserts the
20   following three ERISA claims against Defendants:
21        (1)  for general and special damages under § 1132(a)(1)(B);
22        (2)  for general and special damages under § 1132(a)(2); and
23        (3)  for statutory damages under § 1132(c)(1)(B).
24

25   **III.** <u>**Legal Standards**</u>

26        **A.**   <u>**Judgment on the Pleadings**</u>

27        "After the pleadings are closed -- but early enough not to
28   delay trial -- a party may move for judgment on the pleadings."

United States District Court
For the Northern District of California

1   Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when
2   the moving party clearly establishes on the face of the pleadings
3   that no material issue of fact remains to be resolved and that it
4   is entitled to judgment as a matter of law."  Hal Roach Studios,
5   Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.
6   1990).  Moreover, the pleading must contain sufficient factual
7   matter, accepted as true, to state a claim to relief that is
8   plausible on its face.  Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir.
9   2009); see also Cafasso, U.S. ex rel. v. General Dynamics C4
10  Systems, Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (citing
11  Johnson with approval).

12      "Judgment on the pleadings is improper when the district court
13  goes beyond the pleadings to resolve an issue; such a proceeding
14  must properly be treated as a motion for summary judgment."  Id.;
15  see also Fleming v. Pickard, 581 F.3d 922, 925 n.4 (9th Cir. 2009)
16  (refusing to consider supporting declarations in deciding motion
17  for judgment on the pleadings).

18      **B.   <u>Summary Judgment</u>**

19      Entry of summary judgment is proper "if the movant shows that
20  there is no genuine dispute as to any material fact and the movant
21  is entitled to judgment as a matter of law."  Fed. R. Civ. P.
22  56(a).  The district court may consider only evidence that would be
23  admissible at trial.  See Fed. R. Civ. P. 56(c)(2).  Summary
24  judgment should be granted if the evidence would require a directed
25  verdict for the moving party.  Anderson v. Liberty Lobby, Inc., 477
26  U.S. 242, 251 (1986).  Thus, "Rule 56[] mandates the entry of
27  summary judgment . . . against a party who fails to make a showing
28  sufficient to establish the existence of an element essential to

1  that party's case, and on which that party will bear the burden of

2  proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322

3  (1986). "The evidence of the nonmovant is to be believed, and all

4  justifiable inferences are to be drawn in his favor." Anderson,

5  477 U.S. at 255. However, "[t]he mere existence of a scintilla of

6  evidence in support of the [nonmovant]'s position will be

7  insufficient; there must be evidence on which the jury could

8  reasonably find for the [nonmovant]." Id. at 252.

9

10  **IV.   DISCUSSION**

11      **A.   Deman's § 1132(a)(1)(B) Claim for Denial of Benefits**

12      As explained in Section II.C supra, the FAC asserts a §

13  1132(a)(1)(B) claim.  On that claim, Defendants move for summary

14  judgment rather than judgment on the pleadings.  Mot. at 12.

15      Defendants argue that they are entitled to summary judgment

16  because (1) Deman's claim is both statutorily and contractually

17  time-barred as a result of the 1992 letter; (2) Deman has failed to

18  file a formal claim and thus failed to exhaust his administrative

19  remedies; and (3) the 1992 letter constituted a reasonable decision

20  that Deman cannot successfully challenge under the "arbitrary and

21  capricious" standard of review.  See id. at 12.  As set forth

22  below, the Court needs only to address the first two.

23          **i.   The Court Cannot Determine as a Matter of Law that**

24              **Deman's Claim for Benefits Is Time-Barred.**

25      Defendants argue that Deman's claims are both statutorily and

26  contractually time-barred.  As the Ninth Circuit recently explained

27  in Withrow v. Halsey, 655 F.3d 1032, 1035 (9th Cir. 2011), the two

28  bars are distinct.  The statutory time bar arises from cases

United States District Court
For the Northern District of California

9

interpreting ERISA.  Id.  The contractual time bar imposes a
second, distinct time limitation which arises as a matter of
contract from the limitations term in the claimant's policy.  Id.
The statutory time limitation for claims arising in California, as
Deman's have, is four years.  Id. at 1036.

Defendants have not carried their burden of showing that
Deman's claims are time-barred.  With respect to the statutory time
bar, Defendants must make a preliminary showing that Deman's §
1132(a)(1)(B) claim "accrued" -- that is, that the statute of
limitations has started to run.  Defendants argue, apparently
referencing the 1992 letter, that Deman's claim "accrued, if at
all, in 1992 . . . ."  Mot. at 14.

The matter is not nearly so clear-cut.  The Withrow court
explained that

> [a]n ERISA cause of action accrues either at the time
> benefits are actually denied, or when the insured has
> reason to know that the claim has been denied.  A
> claimant has a "reason to know" under the second prong of
> the accrual test when the plan communicates a clear and
> continuing repudiation of a claimant's rights under a
> plan such that the claimant could not have reasonably
> believed but that his or her benefits had been finally
> denied.

655 F.3d at 1036 (citations and quotation marks omitted).
Defendants do not argue that Deman's claim for benefits has been
"actually denied," and such a position would be inconsistent with
their argument that Deman never submitted a claim, see Section
IV.A.ii infra.  Instead, Defendants appear to rest their argument
on the "reason to know" prong.  But it is far from obvious that the
1992 letter communicated a clear and continuing repudiation of
Deman's rights such that he could reasonably believe only that his

United States District Court
For the Northern District of California

benefits had been finally denied.  The 1992 letter said that it was "still possible for [Deman] to qualify for a pension . . . ."  AR at 86.  The Court cannot say that this language communicates a "clear" repudiation of Deman's rights, tantamount to a final denial of benefits.  On the contrary, the 1992 letter informed Deman that he could still qualify for benefits.

Moreover, the Court cannot find a "continuing" repudiation on the basis of one letter.  Defendants cite out-of-circuit authority for the proposition that "a" repudiation (that is, any repudiation) suffices to trigger ERISA's statutory time bar.  Reply at 8.  Such a test would omit the Ninth Circuit's requirement of a "continuing" repudiation.  Defendants do not approach the requisite evidentiary showing of a clear and continuing repudiation.  Thus, on the record before it, the Court cannot say that Deman's § 1132(a)(1)(B) claim accrued in 1992 for the purposes of the statutory four-year bar.

Nor can the Court find on this record that no genuine dispute exists concerning which iteration of the plan policy covered Deman in 1992.  On a motion for summary judgment, "[w]here the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant."  Dias v. Nationwide Life. Ins. Co., 700 F. Supp. 2d 1204, 1214 (E.D. Cal. 2010).  The contractual bar Defendants seek to impose here is an affirmative defense, Answer § 23, and as such Defendants would bear the burden of proving it at trial.  See Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1174-75.  Thus, to win summary judgment on this point, Defendants must "affirmatively demonstrate" that the applicable policy bars Plaintiff's claim.

**United States District Court**
For the Northern District of California

1   Defendants have yet to make the prerequisite showing of which

2   policy applies.  They assert that the 1992 letter contained a copy

3   of the benefits appeal procedures then in effect, denominated

4   "Article X of the Plan."  Mot. at 6 (reciting Baney Decl. ¶ 34).

5   But nowhere do they demonstrate that this was the policy then in

6   effect.  Drawing inferences favorably to Deman, as required on

7   summary judgment, Defendants can be read to equivocate on this

8   point, in that they provide alternate calculations under two

9   different iterations of the plan.  See id.  If evidence in the

10  administrative record establishes which version of the policy

11  applies, Defendants do not cite to it.  On summary judgment, "[t]he

12  court need consider only the cited materials . . . ."  Fed. R. Civ.

13  P. 56(c)(3).  The cited materials do not affirmatively demonstrate

14  which version of the plan relied upon by Defendants, if either,

15  actually controlled in Deman's case.

16      Deman has every right to put Defendants to the proof of their

17  affirmative defense and Defendants have not carried their burden.

18  Accordingly, the Court cannot say on the record before it that

19  Deman's claim for benefits is time-barred.

20          **ii.   Deman Has Not Exhausted His Administrative Remedies.**

21      It is axiomatic that, before suing under § 1132(a)(1)(B), an

22  ERISA claimant must challenge the denial of his or her benefits by

23  filing a claim and exhausting the internal administrative review

24  processes provided by his or her plan.  Diaz v. United Agr.

25  Employee Welfare Ben. Plan and Trust, 50 F.3d 1478, 1483 (9th Cir.

26  1995).  Exceptions to the exhaustion doctrine exist where a

27  claimant can show, in a demonstration that goes beyond bare

28  assertion, that the administrative remedies are inadequate or that

**United States District Court**
For the Northern District of California

1    exhaustion would be futile.  See id. at 1485-87.

2        Defendants argue that Deman has not exhausted his

3    administrative remedies for the elementary reason that he has yet

4    to file a claim pursuant to the Plan's claim procedures.  MTS at

5    12-14.  The Court agrees.  The relevant material facts here are

6    that Deman is a plan participant, that the plan provided

7    administrative remedies, and that Deman has not availed himself of

8    them.  The first two facts are undisputed.  As to the third, Deman

9    presents no evidence that he has ever filed a claim.  The only

10   evidence Deman has offered in this case is his own declaration in

11   support of his opposition brief.  See ECF No. 30 ("Deman Decl.").[5]

12   Plaintiff's opposition brief addresses Defendants' exhaustion

13   argument, but the declaration is silent as to the existence of a

14   formal claim.  This silence is consistent with the administrative

15   record's lack of any documents suggesting the existence of a claim,

16   let alone an appeal.  The only justifiable inference is that Deman

17   has never availed himself of the Plan's administrative remedies.

18       Deman will have an opportunity to do so.  Though Defendants

19   have moved for summary judgment, the proper motion on which to

20   raise a claimant's failure to exhaust nonjudicial remedies is an

21   unenumerated Rule 12 motion to dismiss.  Wyatt v. Terhune, 315 F.3d

22   1108, 1119-1120 (9th Cir. 2003).[6]  Under that procedure, the

23   appropriate resolution of a § 1132(a)(1)(B) claim like Deman's is

24   ───────────────────
     [5] Deman's declaration contains legal argument and opinion, both of
25   which the Court disregards.  Given the ultimate disposition of this
     case, Defendants' motion to strike portions of Deman's declaration
26   and its exhibits, ECF No. 32, is DENIED AS MOOT.

27   [6] The unenumerated Rule 12 motion is "a procedure closely analogous
     to summary judgment."  Wyatt, 315 F.3d at 1120 n.14.  Perceiving no
28   difference between the two procedures in this case, the Court has
     considered Defendants' summary judgment motion as written.

United States District Court
For the Northern District of California

1  to dismiss it as unripe -- without prejudice and not on the merits
2  -- to permit the claimant to develop a factual record and file a
3  formal claim with his pension plan.  <u>Foster v. Blue Shield of</u>
4  <u>California</u>, No. CV 05-03324 DDP, 2009 WL 1586039, at *4 (C.D. Cal.
5  June 3, 2009).  Therefore, the Court GRANTS Defendants' summary
6  judgment motion with respect to Deman's § 1132(a)(1)(B) claim and
7  dismisses that claim without prejudice.  This dismissal does not
8  operate as an adjudication on the merits.  <u>Wyatt</u>, 315 F.3d at 1119.
9     The Court does not reach Defendants' argument that the 1992
10  letter constituted a reasonable final determination of Deman's
11  entitlement to pension benefits.
12     **B.    <u>Deman's § 1132(a)(2) Claim for Breach of Fiduciary Duty</u>**
13     With respect to Deman's second claim, Defendants move for
14  judgment on the pleadings rather than summary judgment.  The Court
15  therefore confines itself to reviewing only the FAC and the Answer.
16  Deman's second claim asserts that by denying benefits to Deman,
17  Defendants have breached fiduciary duties allegedly owed to him.
18  FAC § 13.  Defendants respond that none of the Defendants owe Deman
19  any fiduciary duties and that, even if they did, Deman's claim
20  under § 1132(a)(2) must fail because Deman is suing on his own
21  behalf rather than to recover losses incurred by the Plan itself.
22  Mot. at 8-11.
23     It is doubtful that Defendants owed Deman a fiduciary duty,
24  but the Court need not decide that question because Defendants'
25  second argument is clearly correct and provides a narrower ground
26  for decision.  "The [§ 1132(a)(2)] claim for fiduciary breach gives
27  a remedy for injuries to the ERISA plan as a whole, but not for
28  injuries suffered by individual participants as a result of a

14

United States District Court
For the Northern District of California

1    fiduciary breach." <u>Wise</u>, 600 F.3d at 1189.  The FAC nowhere

2    alleges harm to the plan as a whole.  In his opposition brief,

3    Plaintiff cites language which only confirms Defendants' point, in

4    that it speaks only of losses to Plaintiff.  Opp'n at 16 (quoting

5    FAC ¶¶ 10-11).  Accordingly, the Court GRANTS Defendant's motion

6    for judgment on the pleadings with respect to Plaintiff's §

7    1132(a)(2) claim and DISMISSES that claim WITH PREJUDICE.

8         **C.    <u>Deman's § 1132(c)(1)(B) Claim for Delay</u>**

9         With respect to Deman's third claim, Defendants move for

10   judgment on the pleadings rather than summary judgment.  The Court

11   therefore confines itself to reviewing only the FAC and the Answer.

12   Deman's third claim, construed at Section II.C <u>infra</u>, asserts that

13   Defendants unlawfully delayed in responding to Deman's requests for

14   information.  The allegations supporting this charge are paragraphs

15   7, 8, 18, and 19, which describe Deman sending a letter through

16   counsel on August 31, 2009, and receiving an answer on December 2,

17   2009.  Section 1132(c)(1)(B) imposes a thirty-day deadline for

18   responding to requests for information that ERISA requires an

19   administrator to furnish.  Section 1132(c)(1)(B) further provides

20   for statutory damages of $100 per day for every day after the

21   thirtieth; the award of any such damages or other relief is

22   committed to the discretion of the district court.  District courts

23   generally require a § 1132(c)(1)(B) claimant to show prejudice

24   resulting from the delay.  <u>Kaiser Permanente Employees Pension Plan</u>

25   <u>v. Bertozzi</u>, 849 F. Supp. 692, 702 (N.D. Cal. 1994).

26        The Court is not inclined to award relief in this case.

27   Plaintiff has not alleged any prejudice resulting from Defendants'

28   alleged delay.  Nor does Plaintiff allege specifically which

1    information Defendants were required, but failed, to provide.

2    Consequently, the Court cannot determine what Plaintiff thought he

3    should have received or when the thirty day period would have

4    begun, if ever.  Plaintiff has not even stated a claim, let alone

5    presented facts that would move the Court to exercise its

6    discretion to award Plaintiff damages.  The Court GRANTS

7    Defendants' motion for judgment on the pleadings with respect to

8    Deman's § 1132(c)(1)(B) claim and DISMISSES it WITH PREJUDICE.

9         **D.    Defendants' Motion for Attorney Fees and Costs**

10        Defendants move for attorney fees and costs under § 1132(g).

11   That section commits the award of attorney fees and costs to the

12   discretion of the district court.  The Ninth Circuit has set forth

13   five factors to guide the district court's exercise of discretion:

14        (1) the degree of the opposing parties' culpability or
          bad faith; (2) the ability of the opposing parties to
15        satisfy an award of fees; (3) whether an award of fees
          against the opposing parties would deter others from
16        acting under similar circumstances; (4) whether the
          parties requesting fees sought to benefit all
17        participants and beneficiaries of an ERISA plan or to
          resolve a significant legal question regarding ERISA; and
18        (5) the relative merits of the parties' positions.

19

20   Hummell v. S. E. Rykoff & Co., 634 F.2d 453 (9th Cir. 1980).

21        Considering these factors, the Court is not inclined to award

22   attorney fees and costs in this case.  The Court cannot say that

23   Deman has acted culpably or that his positions must have appeared

24   meritless to him or to his counsel when viewed prospectively rather

25   than with the benefit of hindsight.  Moreover, the Court is not

26   persuaded that Deman could satisfy an award of attorney fees.

27   Defendants make much of the deterrent aspect of attorney fee

28   awards.  But deterrence cuts both ways.  In light of ERISA's policy

United States District Court
For the Northern District of California

1  favoring administrative resolution of claims, it is more

2  appropriate to funnel plaintiffs like Deman into administrative

3  appeal procedures than to deter them from asserting their rights in

4  court in the first instance.  A grant of attorney fees and costs at

5  this point in the case -- though perhaps not at a later one --

6  would risk over-deterrence, which may further the policies

7  underlying ERISA no better than under-deterrence would.  The Court

8  DENIES Defendants' motion for attorney fees and costs.

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

United States District Court
For the Northern District of California

V.    **CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendants' motion for judgment on the pleadings with respect to Plaintiff's claims under Sections 1132(a)(2) and 1132(c)(1)(B) and DISMISSES those claims WITH PREJUDICE.  The Court also GRANTS Defendants' motion for summary judgment with respect to Plaintiff's claim under Section § 1132(a)(1)(B) and DISMISSES that claim WITHOUT PREJUDICE. This dismissal does not operate as an adjudication on the merits. Before filing another claim under Section 1132(a)(1)(B), Plaintiff must file a formal claim for pension benefits pursuant to the terms provided by his plan and, if his claim is denied, exhaust his administrative remedies or make a good faith argument explaining why he is excused from doing so.

The Court DENIES Defendants' motion for attorney fees and costs.  The Court DENIES AS MOOT Defendants' ex parte application and motion to strike.  The Court VACATES the jury trial set for Tuesday, February 21, 2012.  Accordingly, the Court DENIES Defendants' ex parte request to continue the trial date, ECF No. 39.

IT IS SO ORDERED.

Dated: January 24, 2012



UNITED STATES DISTRICT JUDGE

18